IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00081-PAB-KAS

CHRISTOPHER J. CORDOVA,

Plaintiff,

v.

JEREMY LONG,

Defendant.

_____

**ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is once again before the Court on its **Order to Show Cause** [#41] regarding Plaintiff's failure to effectuate service on Defendant Jeremy Long ("Defendant Long").

**A.    Background**

On June 28, 2024, the Court issued an Order to Show Cause [#41] because Defendant Long had not been served with a summons or operative complaint and was therefore not a proper party. *Order to Show Cause* [#41] at 1. The Court acknowledged that it was required to effectuate service for a plaintiff proceeding in forma pauperis, as Plaintiff is here, *see Order* [#7], but advised Plaintiff that he "must provide sufficient information for the Court to do so." *Order to Show Cause* [#41] at 2 (citing *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008)). The Court ordered Plaintiff to show cause why Defendant Long should not be dismissed, offering him three options: "serve Defendant Long, respond and show good cause for [his] failure

to properly serve this Defendant, or provide a current address to allow the United States Marshal to effect[uate] service[.]" *Id.* The Court warned Plaintiff that failure to comply with the Order to Show Cause [#41] "**will result in this Court issuing a recommendation to dismiss Plaintiff's action as to Defendant Long**." *Id.* (emphasis in original).

On July 12, 2024, Plaintiff filed a Response [#42], asserting that "Dr. Long's employer was Locumtenens.com, LLC," providing the LLC's address, and identifying Corporation Service Company as the LLC's Colorado registered agent. *Response* [#42] at 2. On July 19, 2024, the Court informed Plaintiff that his Response [#42] was insufficient because, even assuming that Locumtenens.com, LLC employed Defendant Long, he could not be served through his employer for two reasons: First, "Plaintiff has not shown that Locumtenens.com's Georgia office is Defendant Long's 'usual workplace' for purposes of Colo. R. Civ. P. 4(e)(1)" and second, "even though the Corporation Service Company is Locumtenens.com, LLC's registered agent, service *on Defendant Long* cannot be effected by serving *his employer's* registered agent." *Minute Order* [#43] at 3 (emphasis in original). The Court ordered Plaintiff to supplement his response with "a current residence or workplace address where Defendant Long may be served." *Id.* Again, the Court warned Plaintiff that failure to comply "**will result in this Court issuing a recommendation to dismiss Plaintiff's action as to Defendant Long** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and pursuant [to] Fed. R. Civ. P. 4(m) for failure to serve Defendant Long." *Id.* (emphasis in original).

On August 12, 2024, Plaintiff filed a Supplemental Response [#44] stating that "the Court has done an outstanding performance in regard to establishing that Dr. Long was a receiptiant [sic] of employment in and through Corporation Service Company located in

Littleton Colorado, which is the known contract supplier of medical personnel to [Colorado Department of Corrections] CDOC, as acknowledged by the Civil Division of the Colorado Attorney General's Office and the executive offices of CDOC." *Supplemental Response* [#44] at 1. Plaintiff provided two "[a]ddress[es] listed on Denver Health and with medical license of Dr. Long" and one purported "Home Address for Dr. Long". *Id.* at 2.

On August 19, 2024, the Court directed the Clerk of Court and the United States Marshal to attempt service on Defendant Long at the "Home Address" Plaintiff provided. *See Minute Order* [#46] at 1-2. On August 22, 2024, Deputy United States Marshal Erik Helsing's attempted service was unsuccessful because the Jeremy Long who resides at Plaintiff's provided address "is not the correct Jeremy Long to be served" and "he has never been associated with the Colorado Department of Corrections (CDOC) as a physician." *First Unexecuted Summons* [#48] at 2.

On October 18, 2024, the Court directed the Clerk of Court and the United States Marshal to attempt service on Defendant Long at 301 W. 6th Avenue, Denver, Colorado, the address Plaintiff provided, which is associated with the medical license number for a Dr. Jeremy Long with Denver Health. *See Minute Order* [#52] at 1. On November 21, 2024, Deputy United States Marshal Luke R. Visconti noted that attempted service had been unsuccessful again because he "[b]riefly talked with Jeremy Long at listed address via telephone. Mr. Long claimed he had been contacted about this several months ago. Mr. Long stated he had never worked for CDOC and/or worked in Sterling, CO." *Second Unexecuted Summons* [#54] at 2. He returned process unexecuted due to incorrect identification. *Id*.

3

On December 8, 2024, the Court issued another Order [#56][1] explaining that it was required to accept the deputy marshals' two sworn statements as prima facie evidence that Plaintiff had named the wrong defendant. *See Order* [#56] at 6-7 (citing *In re Marriage of Thacker*, 701 P.2d 871, 872 (Colo. App. 1985) (holding that the trial court was required to find that respondent had not been properly served because "the return of service presented a *prima facie* case that service was made upon the wrong person")). The Court surmised that Plaintiff might have confused Dr. Jeremy Long with the correctional facility's warden, Jeff Long, with whom he shared a first initial and last name, or perhaps Plaintiff saw Dr. Long at Denver Health and mistakenly remembered him as the Sterling Correctional Facility (SCF) prison physician who allegedly saw Plaintiff on October 13, 2021. *Id.* at 5-6. In any case, the Court explained that the allegations directed at Defendant Jeremy Long in Plaintiff's operative Third Amended Complaint [#13] could not be squared with Dr. Jeremy Long of Denver Health who has "never worked for CDOC and/or worked in Sterling, CO." *Id.* at 6; *Second Unexecuted Summons* [#54] at 2. The Court found that, Plaintiff should be given an additional opportunity to rebut the deputy marshals' statements by demonstrating that Dr. Jeremy Long is the correct defendant or, alternatively, to identify the correct defendant. *Order* [#56] at 7. The Court warned Plaintiff that if he had identified the wrong defendant, he may be precluded from relating back any amendment of parties to his operative complaint. *Id.* at 7 n.4 (citing *Glasser v. King*, 721 F. App'x 766, 772 (10th Cir. 2018); *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969)). Ultimately, the Court ordered Plaintiff to "provide evidence that Dr. Jeremy

---

[1] The Order was erroneously captioned as an "Order and Recommendation of United States Magistrate Judge," but it contained no recommendation.

Long of Denver Health is the same person identified as Defendant Long, SCF prison physician, in his Amended Complaint [#13]." *Id.* at 8. The Court expressly warned Plaintiff that failure to do so would result in a recommendation for dismissal under Rule 4(m) for failure to effectuate service on Defendant Long and failure to provide sufficient information to allow the Marshal Service to effectuate service on Plaintiff's behalf. *Id.*

Finally, on January 10, 2025, Plaintiff filed a **Notice of Clerical Error and Motion and Order for Service of Process** [#57] (the "Motion for Service"). He states that he "did not understand that a grammatical difference does exist between the oral pronunciation of Jeremy in comparison to Jerome" and now he asserts that the correct Defendant Long is "Doctor Jerome Long, Drug Enforcement Agency (D.E.A.) Prescription License Number: FL 5687631;" *Motion for Service* [#57] at 1-2. Plaintiff provided the exact same Denver Health addresses that he previously listed for Dr. Jeremy Long. *Id.* He claimed that he "hold[s] a document that clearly and plainly shows an appointment with Dr. Long on 9 November 2021, at 10:00 AM" and that he "can provide a copy from his records to the Court." *Id.* The Motion for Service [#57] has been referred to the undersigned. *See Memorandum* [#58]. For the following reasons, the Motion for Service [#57] is **DENIED**; the Court's Order to Show Cause [#41] is **MADE ABSOLUTE**, and the Court recommends that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant Long.

B.     **Legal Standards**

1.     **Plaintiff's Responsibility**

Under Fed. R. Civ. P. 4(c)(3), "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915," the Court must "order that service be made by a United

5

States marshal or deputy marshal or by a person specially appointed by the court."

However, while that plaintiff "is entitled to rely on the Clerk of the Court and/or U.S.

Marshal for service of the summons and complaint," he is responsible for providing

sufficient information to effectuate service. *Hill*, 2008 WL 2020289, at *6; *see also*

*Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (stating that "the Marshals

Service is not responsible for lack of service where a plaintiff does not provide correct

information required for service") (collecting cases). "A plaintiff must cooperate with the

Marshals Service and take reasonable steps to identify the defendant by name and

address so that service can be accomplished." *Custard v. Balsick*, No. 15-cv-2221-REB-

CBS, 2017 WL 131799, at *4 (D. Colo. Jan. 13, 2017) (quoting *Nichols v. Schmidling*, No.

10-2086-JAR, 2012 WL 10350, at *2 (D. Kan. Jan. 3, 2012)). At minimum, "a plaintiff

should request service *upon the appropriate defendant* and attempt to remedy any

apparent service defects of which [he] has knowledge." *Warner v. Village of Ruidoso*,

Nos. 12-627 MCA/GBW, 13-440 MCA/GBW, 2016 WL 10721483, at *5 (D.N.M. Feb. 1,

2016) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)) (emphasis

added).

### 2.    Rule 4(m)

In relevant part, Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss the
> action without prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate period.

In the Tenth Circuit, the Rule 4(m) analysis has two components. *See Espinoza v.*

*United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the Court must consider whether

the plaintiff has shown good cause; if so, then an extension is mandatory. *Id.* (holding that
the last sentence of Rule 4(m) "serves merely as an exception to the general provision by
delineating a situation in which an extension of time is mandatory") (citation omitted)
(emphasis omitted). Second, if the plaintiff fails to show good cause, the district court
must consider whether a permissive extension of time is warranted; thus, the court may
"in its discretion either dismiss the case without prejudice or extend the time for service."
*Id.*

A plaintiff's failure to provide sufficient information to effectuate service is not good
cause, and under Rule 4(m) the Court may dismiss claims against a defendant without
prejudice. *See, e.g.*, *Clark v. Shrader*, No. 20-cv-01410-RMR-KLM, 2022 WL 20100191,
at *1-2 (D. Colo. June 1, 2022) (declining to extend service deadline and recommending
dismissal as to one defendant because the plaintiff's response to an order to show cause
made "clear that [p]laintiff cannot provide the necessary information to effect service on
[that defendant]"); *Warner*, 2016 WL 10721483, at *3, *5-6 (declining to extend service
deadline and dismissing without prejudice all claims against a defendant named Joel
Martin where, after the passage of two-and-a half-years, the plaintiff had provided an
address for "an individual who, though also named Joel Martin, had never lived or worked
in New Mexico"); *Watts v. Shulman*, No. 12-cv-02993-RM-KLM, 2013 WL 9906198, at *3
(D. Colo. Aug. 16, 2013) (declining to extend service deadline and recommending
dismissal under Rule 4(m)).

C.      **Analysis**

Here, although the Court acknowledges Plaintiff's timely responses to the Order to
Show Cause [#41], its Minute Order [#43] and its Order [#56], he still has not provided

7

sufficient information to enable the Marshal Service to identify and serve "Jeremy Long," the doctor from whom he allegedly received medical treatment at SCF. *Third Am. Compl.* [#13] at 7. Instead, he has provided a home and work address for someone who, though also named Jeremy Long, has never lived or worked in Sterling, Colorado. *Cf. Warner*, 2016 WL 10721483, at *5.

Under both Colorado and federal case law, the deputy marshals' sworn returns of service are prima facie evidence that Dr. Jeremy Long is the incorrect party to be served, which Plaintiff can rebut by providing clear and convincing evidence otherwise. *Cf. In re Marriage of Thacker*, 701 P.2d at 872; *Sikhs for Justice v. Badal*, 736 F.3d 743, 746-47 (7th Cir. 2013) (collecting cases from the Seventh and Ninth Circuits) (stating that "the rule in the federal courts is that a process server's affidavit of service is entitled to a presumption of correctness that can be overcome only by 'strong and convincing' evidence," which "presumably . . . has the same meaning as the more common 'clear and convincing' evidence" standard).

The Court has given Plaintiff three opportunities to correctly identify the medical provider at SCF, and while he asserts that he has evidence he could provide (in the form of medical records), he did not attach them to his Motion for Service [#57], so the Court cannot consider them. Instead, Plaintiff now claims that Defendant Long is a different person: a Dr. Jerome Long, but he provided the Court with the *exact same addresses* where attempted service was previously unsuccessful. *See Motion for Service* [#57] at 1-2. Even if he has finally identified the correct person, Dr. Jerome Long is not named in Plaintiff's operative complaint, so there is no reason to serve him.

The Court has given Plaintiff every reasonable opportunity to identify and locate

the proper Defendant Long so that the Marshals could serve him, but he has failed to do so. The Court has twice ordered the Marshals to attempt service, including at the two Denver Health addresses where Plaintiff now asserts that Dr. Jerome Long can be found. Unfortunately, these efforts resulted in attempted service on an individual who, though also named Jeremy Long, has never lived or worked in Sterling, Colorado. At some point, enough is enough. Plaintiff has not shown that his recent efforts justify another extension of time, and the Court will not order the Marshals to once again attempt service at the very same Denver Health addresses where they have unsuccessfully attempted service on Defendant Long, so the **Motion for Service** [#57] is **denied**.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, the Court declines to do so here. *Cf. Harris v. Brady*, No. 21-cv-02080-PAB-KLM, 2022 WL 17960552, at *3 (D. Colo. Dec. 27, 2022) (recommending dismissal under Rule 4(m) "[d]espite the fact that [p]laintiff responded to the Order to Show Cause" because he "fail[ed] to show that service on [defendants] has been effected or will be possible in the future"); *Warner*, 2016 WL 10721483, at *5-6 (denying permissive extension where plaintiff provided an address for the wrong individual with the same name as a defendant). Plaintiff's claims against Defendant Long have been pending since January 10, 2023, and they passed preliminary screening on May 19, 2023. *See Compl.* [#1]; *Order Drawing Case* [#14]. The other defendants' executed Waiver of Service [#25], filed on August 25, 2023, put Plaintiff on notice that Defendant Long was not a CDOC employee and had not been served or waived service. *Cf. Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D.N.M. Oct. 31, 2000) (finding that good cause had not been shown where the fact of non-service was "apparent on the

9

return-of-service forms").

Since June 28, 2024, the Court has given Plaintiff multiple opportunities to provide sufficient information for the individual identified as Defendant Long to be served process. Plaintiff has either identified the wrong person or provided the wrong addresses. The deputy marshals cannot be blamed for this failure. Nothing in Plaintiff's Response [#42], his Supplemental Response [#44], or his Motion for Service [#57] gives the Court reason to believe that the individual identified as Defendant Long can be served in the future. Moreover, Plaintiff has been warned that his inability to serve Defendant Long or inability to provide an address to enable service of process would result in Defendant Long's dismissal from this case. *See Order to Show Cause* [#41] at 2; *Minute Order* [#43] at 3; *Order* [#56] at 8.

Plaintiff has provided insufficient information to the Court and has not given the Court any reason to expect that service can be effectuated on the individual identified as Defendant Long in a timely manner. Therefore, the Order to Show Cause [#41] is **made absolute** and, pursuant to Fed. R. Civ. P. 4(m), the Court recommends that Plaintiff's claims against Defendant Long be **dismissed without prejudice**. *See, e.g., Warner*, 2016 WL 10721483, at *6 (dismissing without prejudice all claims against unserved defendant where plaintiff provided an address for the wrong individual with the same name).

## D.    Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion for Service [#57] is **DENIED**.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#41] is **MADE**

**ABSOLUTE**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to remove the gavel from the Order [#56], which does not contain a U.S. Magistrate Judge recommendation, despite the Order's title.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendant Long be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m), for failures to effectuate service and to provide sufficient information to allow enable service on Plaintiff's behalf.

IT IS FURTHER **RECOMMENDED** that this case be closed upon Defendant Long's dismissal, as he is the last remaining Defendant.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

11

Dated: January 29, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge