IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00081-PAB-KAS

CHRISTOPHER J. CORDOVA,

    Plaintiff,

v.

JEREMY LONG,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Motion to Allow Filing Objection to Recommendation of Magistrate Judge Out of Time [Docket No. 62]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

On January 29, 2025, Magistrate Judge Kathyrn A. Starnella recommended that plaintiff Christopher J. Cordova's claims be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to serve the defendant named in the complaint. Docket No. 59 at 10. Judge Starnella's recommendation recounted her various orders explaining to Mr. Cordova his need to provide sufficient information to enable service of process upon the named defendant, who is, according to the operative complaint, a physician who treated Mr. Cordova at the Sterling Correctional Facility ("SCF") operated by the Colorado Department of Corrections ("CDOC"). *See* Docket No. 59 at 1-5; Docket No. 13 at 12, ¶ 19. With the limited information plaintiff

did provide, Judge Starnella directed the United States Marshal, on two different occasions, to attempt service.  Docket No. 59 at 3.  On both occasions, the Deputy Marshals assigned to effectuate service determined that the person located at the address provided by Mr. Cordova was not the defendant.  *Id.*  Those persons indicated that they had never worked as physicians at SCF.  *Id.*

On January 10, 2025, Mr. Cordova claimed that the correct defendant was actually "Jerome Long," although named in the operative complaint as "Jeremy Long."  *Id.* at 5 (citing Docket No. 57 at 1-2).  Judge Starnella explained that, because the operative complaint named "Jeremy Long," rather than "Jerome Long," efforts to serve anyone named Jerome Long would not be appropriate.  *Id.* at 8.  Moreover, Judge Starnella noted that the address Mr. Cordova provided for "Jerome Long" was the same address for the "Jeremy Long" previously identified by Mr. Cordova and determined by the Deputy Marshals to have disclaimed working as a physician at SCF.  *Id.*

Judge Starnella's January 29, 2025 recommendation stated that objections to the recommendation were due within 14 days after service of the recommendation.  *Id.* at 11.  Although the recommendation was filed on January 29, 2025, the Clerk of the Court served the recommendation on January 30, 2025.  Thus, objections were due on February 13, 2025.  On February 19, 2025, the Court, having received no objections, reviewed the magistrate judge's recommendation and, after finding no clear error on the face of the record, accepted the recommendation and dismissed Mr. Cordova's claims without prejudice.  Docket No. 60 at 1-2.  On February 20, 2025, the Court entered final judgment and closed the case.  Docket No. 61.

On March 6, 2025, the Court received a motion from Mr. Cordova, dated March 1, 2025, requesting leave to file an objection to the recommendation out of time. Docket No. 62. Mr. Cordova attached to the motion a copy of his objection. *See* Docket No. 62-1. Mr. Cordova asks the Court to allow the untimely objection because, when he received the Court's order accepting the magistrate judge's recommendation, SCF was on "lockdown." Docket No. 62 at 1. Mr. Cordova states that, during the lockdown, "no movement by inmates was allowed within the facility and by extension thereof, no inmate was allowed any access to Facility Law Library resources." *Id.* Mr. Cordova further explains that, during this lockdown period, he could not access the "jailhouse lawyer" upon whom he relies for assistance in drafting court filings. *Id.* at 1-2.

## II. ANALYSIS

Federal Rule of Civil Procedure 6(b) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In analyzing whether the movant has demonstrated "excusable neglect" under Rule 6, the Court considers four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

Mr. Cordova does not discuss the relevant Rule 6 factors. He does not disclaim receiving a copy of the magistrate judge's recommendation. He states only that restrictive prison conditions were in place when he received the Court's order accepting the magistrate judge's recommendation. Docket No. 62 at 1. However, the Court

3

issued that order six days after the deadline to file an objection.  Even if Mr. Cordova meant to state that the lockdown conditions were in place at the time he received the magistrate judge's recommendation, rather than the Court's order accepting the recommendation, he does not explain why, despite the lockdown, he could not have filed a motion requesting an extension of time before the February 13, 2025 deadline for objections passed.  Thus, the Court discerns no reason that would justify granting Mr. Cordova's untimely request for an extension of time and will deny the motion.

Even if the Court were to consider Mr. Cordova's objection, it would overrule it.  To the extent that Mr. Cordova's objection addresses the service-of-process issues identified in the recommendation, it is only to 1) complain about the efforts of one of the Deputy Marshals and 2) to reassert that he means to sue "Jerome Long", not "Jeremy Long."  *See* Docket No. 62-1 at 1-5; *see also* Docket No. 62-2 at 1-6.  As Judge Starnella explained in her recommendation, Jerome Long is not named as a defendant in the operative complaint, and there is "no reason" to serve a person not named in the complaint.  *See* Docket No. 59 at 8.  Moreover, as Judge Starnella explained, the Court can only effectuate service for a plaintiff when the plaintiff has provided sufficient information as to where the United States Marshals Service would find and serve the defendant.  *Id.* at 1 (citing *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008)).  Mr. Cordova, however, provides the same address for "Jerome Long" that he previously provided for "Jeremy Long."  *Id.* at 5 (citing Docket No. 57 at 1-2).  A Deputy Marshal has determined that the individual found at this address states that he never worked as a physician at SCF.  *See* Docket No. 54 at 2.  Although Mr. Cordova is unhappy with the Deputy Marshal's service attempt, *see* Docket No. 62-

1 at 1, Mr. Cordova has failed to rebut the Deputy Marshal's determination. *See In re Marriage of Thacker*, 701 P.2d 871, 872 (Colo. App. 1985); *Sikhs for Justice v. Badal*, 736 F.3d 743, 746-47 (7th Cir. 2013).

### III.  CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion to Allow Filing Objection to Recommendation of Magistrate Judge Out of Time [Docket No. 62] is **DENIED**.

DATED February 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge